In the Matter of BRIAN ELENSON et al., Appellants, v NASSAU COUNTY et al., Respondents. [56 NYS3d 160]—

In a proceeding pursuant to CPLR article 78 to review determinations of the County of Nassau, Office of Consumer Affairs, dated November 2, 2015, finding a violation of Nassau County Administrative Code § 21-25.2 and assessing a fine in the amount of $1,000 in connection with consumer complaint N02015V001, and November 17, 2015, assessing a fine in the amount of $2,500 in connection with consumer complaint CO2010V193 for a violation of Nassau County Administrative Code § 21-10.0 that occurred in 2010, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Parga, J.), entered February 26, 2016, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to vacate so much of the determination dated November 17, 2015, as assessed a fine in the amount of $2,500 in connection with consumer complaint CO2010V193 for a violation of Nassau County Administrative Code § 21-10.0 that occurred in 2010, and substituting therefor a provision granting that branch of the petition and annulling so much of that determination as assessed a fine in the amount of $2,500; as so modified, the judgment is affirmed, without costs or disbursements.

By letter dated June 17, 2015, the respondents gave notice of the petitioners' alleged violation of section 21-25.2 of the Nassau County Administrative Code (hereinafter the Code) (hereinafter the 2015 violation). That Code section provides, "No person shall . . . engage in . . . a home service business after January first two thousand thirteen . . . unless he [or she] is licensed therefore pursuant to this title." Section 21-25.1 (3) of the Code defines the term "home service." It states, in part, that " '[h]ome service' shall include, but not be limited to, repair, carpet and floor cleaning, installation of decorative goods, upholstery including repair and cleaning, . . . gutter cleaning, window cleaning, general cleaning, . . . roof and/or house washing, other than power washing and junk/debris/rubbish/estate cleanouts." The respondents' determination dated November 2, 2015 included, among other things, a finding of a violation of section 21-25.2 of the Code and the assessment of a fine in the amount of $1,000.

A later determination dated November 17, 2015, not only included what amounted to a confirmation of the 2015 violation, but also assessed a fine in the amount of $2,500 based on a consumer complaint that had been the subject of other

proceedings in 2010. Thereafter, the petitioner commenced this CPLR article 78 proceeding challenging the respondents' determinations. The Supreme Court denied the petition and, in effect, dismissed the proceeding.

The petitioners contend that the absence of a comma or semicolon immediately after the term "power washing," as that term appears in section 21-25.1 (3) of the Code, above, necessarily means that this local law excludes, from the licensing requirement for home service contractors, any contractor engaged in "junk/debris/rubbish/estate cleanouts."

"[P]unctuation . . . is subordinate to the text and is never allowed to control its plain meaning, but when the meaning is not plain, resort may be had to those marks . . . in order to make the author's meaning clear" (*Tyrrell v Mayor of City of N.Y.*, 159 NY 239, 243 [1899]). "Punctuation may perhaps be resorted to when no other means can be found of solving an ambiguity; but not in cases where no real ambiguity exists except what punctuation itself creates" (*Arcularius v Sweet*, 25 Barb 403, 406 [Sup Ct, Gen Term 1857]). Contrary to the petitioners' contention, the plain meaning of section 21-25.1 (3) is that those who are engaged in "junk/debris/rubbish/estate cleanouts" must be licensed, at least to the extent that they are currently engaged, or have been engaged in such business since January 1, 2013, in Nassau County.

The petitioners also contend that they were improperly assessed a fine in the amount of $2,500 for a violation that had been closed in 2010. In an affidavit in support of the petition, the petitioner Brian Elenson averred that the 2010 violation, which was based on an entirely different provision of the Code, had been "resolved in 2010 with no finding against [him]." The County's submissions contained no competent evidence to rebut these assertions, or to establish that the subject fine was, in fact, outstanding since 2010. Moreover, the respondents failed to rebut the petitioners' evidence that the 2010 violation, which preceded the 2012 enactment of the provisions of the Code requiring licensing of home service contractors, justified the imposition of any fine. Accordingly, the Supreme Court erred in denying so much of the petition as sought to vacate that determination. Chambers, J.P., Sgroi, Duffy and Barros, JJ., concur.